IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-212-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEFFREY LEE BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer on a Drug Enforcement Administration task force. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in an eight-count indictment on 23 September 2014 with: conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine beginning in or about July 2011 and continuing up to on or about 13 March 2012 in violation of 21 U.S.C. § 846 (ct. 1); distribution of a quantity of cocaine on or about 19 July 2011 (ct. 2), 25

July 2011 (ct. 3), 15 September 2011 (ct. 4), 14 October 2011 (ct. 5), 15 December 2011 (ct. 6), and 17 February 2012 (ct. 7), all in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute a quantity of cocaine on or about 13 March 2012 in violation of 21 U.S.C. § 841(a)(1) (ct. 8). The evidence presented at the hearing showed that the charges arise from a series of recorded controlled purchases of cocaine from defendant. In all but one of the transactions, defendant was driven to the shopping center where they occurred by his mother, who testified that she suspected defendant might be selling marijuana, but did not know he was selling cocaine. Defendant was on state probation at the time of all the instant alleged offenses.

Defendant admitted his drug-trafficking activity to authorities after his arrest on 13 March 2012 on state charges arising from the controlled purchases. He had attempted to flee on foot from the officers who apprehended him. After his arrest on the instant federal charges on 1 October 2014, he again admitted to his prior drug-trafficking activity. He also told authorities that he had switched the source from whom he obtained cocaine after his state arrest and continued to sell cocaine during the period that he has been on state pretrial release.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the number of controlled purchases from defendant, the quantity of cocaine involved, defendant's being on state probation at the time of the alleged offenses, the

extended prison term defendant faces if convicted, and his use of his mother (*i.e.*, having her drive him to all but one of the transactions) without disclosure to facilitate his alleged drug-trafficking; defendant's criminal record, including four felony convictions (three for drug offenses), ten misdemeanor convictions, one formal probation violation, and commission of four misdemeanor offenses while on probation; the danger of continued drug-trafficking conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to defendant's willingness and ability to involve the proposed custodian without telling her in his drug-trafficking activity, the proposed custodian's failure to act on her suspicions that defendant was selling marijuana, and the extent of the risk of danger and flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his purported ability to return to his job if released. It finds, however, that the factors favoring detention outweigh such evidence. With respect to his employment in particular, defendant engaged in the alleged offense conduct and the drug dealing while on state pretrial release while employed. It is therefore apparent from this record that employment cannot reasonably be expected to deter him from continued drug trafficking.

<u>Conclusion</u>

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver

defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 7th day of October 2014.

_____
James E. Gates
United States Magistrate Judge